Filed 1/2/24  In re A.M. CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| In re A.M., a Person Coming Under the Juvenile Court Law. | B327822 |
| _____ LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | Los Angeles County Super. Ct. No. 19CCJP06510A |
| Plaintiff and Respondent, | |
| v. | |
| M.M., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Tiana J. Murillo, Judge.  Affirmed.

Pamela Tripp, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Peter Ferrera, Principal Deputy County Counsel, for Plaintiff and Respondent.

———————————

A father appeals the termination of parental rights over his daughter, A.M. He argues notice of the hearing was insufficient. He forfeited this argument because his counsel did not raise it in the juvenile court. We affirm.

A.M. was born in spring 2019. She lived with her mother. The father was in prison for injuring the mother. When A.M. was four months old, the juvenile court ordered her to be removed from the mother.

A.M. was placed with a non-related extended family member. She has remained in this placement throughout the case.

The father had not met A.M. before he entered custody. He was released after the case began. He had five virtual visits with A.M. in early 2021.

In April 2021, the court terminated reunification services for the parents.

The Department sent the father notices for permanency planning hearings that were scheduled for November 2021 and February 2022. The notices said the Department recommended termination of parental rights. The court continued the permanency planning hearing several times.

In September 2022, the Department sent a notice for a review hearing with a recommendation of "Continued Adoptive Planning (Parental Rights Not Terminated)." The court held a hearing on September 22, 2022. It ordered the parties to submit

2

briefs on why it should not terminate parental rights at the next hearing. The court continued the hearing to January 2023.

The father did not submit a brief.

On January 5, 2023, the court held the permanency planning hearing. A.M. was three and a half years old.

Counsel represented the father, who did not attend the hearing. The mother's counsel asked the court to continue the hearing because the mother was not available and because counsel was not ready to proceed. The court asked the other parties about the continuance request. The father's counsel said, "Submitted."

The court said it did not interpret the mother to be raising an issue of proper notice and said, "I just want to make sure that is in fact the case that you are not raising a notice issue today." The mother's counsel said she did not know whether the mother received notice. The court asked, "[D]oes anyone else want to be heard on notice . . . [?]" The father's counsel did not respond.

The court found that notice was proper.

On the issue of termination of parental rights, the father's counsel argued, in full, "The last direction from my client is that he does want to object to the court terminating parental rights, so I'm making an objection to that on his behalf. Submitted."

The court terminated parental rights.

The father appealed. He contends notice was improper because the notice said the proceedings were for continued adoptive planning and not for termination of parental rights.

We affirm because the father's counsel did not raise an issue of notice in the juvenile court. Failure to raise a notice issue at the hearing waives it on appeal. (*In re Gilberto M.* (1992) 6 Cal.App.4th 1194, 1198.) Counsel represented the father. The

3

court specifically asked if anyone wanted to raise a notice issue and the father's counsel was silent.  The father therefore forfeited this notice argument.

## DISPOSITION

The judgment is affirmed.


WILEY, J.


We concur:


GRIMES, Acting P. J.


VIRAMONTES, J.

4